**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Nina Y. Wang**

Civil Action No. 26-cv-04684-NYW

WILMAR BERSAI LOPEZ DIONICIO,

Petitioner,

v.

WARDEN, Denver Contract Detention Facility,

Respondent.

---

## MEMORANDUM OPINION AND ORDER

---

This matter is before the Court on the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (the "Petition"). [Doc. 1]. Respondent responded that he is "not submitting a brief in opposition to the Petition detailing the facts and circumstances of this case." [Doc. 9 at 1]. For the reasons set forth in this Order, the Petition is respectfully **GRANTED in part**.

## BACKGROUND

Petitioner Wilmar Bersai Lopez Dionicio ("Petitioner" or "Mr. Lopez Dionicio") is a citizen of Guatemala who has lived in the United States "for many years." [Doc. 1 at 5; Doc. 1-1 at ¶¶ 1–2). He previously held a U visa and employment authorization. [Doc. 1 at 5; Doc. 1-1 at ¶¶ 4–8, 20]. Mr. Lopez Dionicio was detained by ICE on November 5, 2025, and is currently detained at the Denver Contract Detention Facility in Aurora, Colorado. [Doc. 1 at 5]. On August 14, 2026, an immigration judge ordered him removed to Guatemala. [*Id.* at 6]. Petitioner appealed the removal order to the Board of

Immigration Appeals, and that appeal remains pending. [*Id.* at 5–6]. Because his appeal of the removal order remains pending, Petitioner's order of removal is not administratively final. See 8 C.F.R. § 1241.1(a) ("An order of removal made by the immigration judge at the conclusion of proceedings under section 240 of the Act shall become final . . . [u]pon dismissal of an appeal by the Board of Immigration Appeals."); *Hidalgo Anazco v. Baltazar*, No. 26-cv-01133-PAB, 2026 WL 1004485, at *1 (D. Colo. Apr. 14, 2026).

Mr. Lopez Dionicio asserts three claims. First, he alleges that his continued detention—more than ten months when the Petition was filed—"without a meaningful, present, individualized determination that detention remains necessary violates the Due Process Clause of the Fifth Amendment." [*Id.* at 5]. Second, Mr. Lopez Dionicio contends that his "continued detention should be evaluated on [his] present individual circumstances, including whether reasonable conditions of supervision can address any legitimate concern about appearance or public safety." [*Id.*]. Third, Petitioner alleges that his present circumstances and the availability of less restrictive alternatives do not justify continued detention. [*Id.* at 5]. The Court understands all three claims to be essentially the same, asserting that Mr. Lopez Dionicio should have been but has not yet been provided an individualized bond hearing during his time in detention, and such lack of hearing is violating his due process rights. As relief, Mr. Lopez Dionicio seeks release from detention under reasonable conditions of supervision or, alternatively, an individualized custody hearing at which the Government bears the burden of proof of justifying his continued detention by clear and convincing evidence. [*Id.* at 6].

This matter is fully briefed and ripe for disposition. No Party has requested an evidentiary hearing or oral argument, and the Court finds that no hearing is necessary.

*Garcia Cortes v. Noem*, No. 25-cv-02677-CNS, 2025 WL 2652880, at *1 (D. Colo. Sept. 16, 2025) (declining to hold a hearing where the petitioner's habeas challenge was "fundamentally legal in nature").

## LEGAL STANDARD

Section 2241 of Title 28 authorizes a court to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001)).

Because Mr. Lopez Dionicio proceeds pro se, the Court liberally construes his filings but will not act as his advocate. *James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013).

## ANALYSIS

### I. Detention Without a Bond Hearing

Mr. Lopez Dionicio argues that he is entitled to a bond hearing. *See* [Doc. 1 at 5]. Respondent does not dispute this position and agrees that, if the Petition is granted, the "appropriate relief" would be a bond hearing under § 1226(a). *See* [Doc. 9 at 1–2]. The Court construes this as a concession that Petitioner is detained under § 1226(a). *See* *Contreras Posada v. Mullin*, No. 26-cv-03765-NYW, 2026 WL 2654041, at *1 (D. Colo. Sept. 9, 2026) ("By not substantively responding to the Petition and arguing that

'appropriate relief' would be a bond hearing under 8 U.S.C. § 1226(a), . . . Respondents effectively concede that Petitioner is currently detained under § 1226(a)."); *Mendoza Hernandez v. Baltazar*, No. 26-cv-03652-WJM, 2026 WL 2453685, at *4 (D. Colo. Aug. 21, 2026) ("Respondents have waived any arguments they might otherwise have had in response to Mendoza Hernandez's claims by expressly declining to respond to Mendoza Hernandez's claims and his arguments in support of those claims.").

Section 1226(a) "sets forth 'the default rule' for detaining noncitizens 'already present in the United States,'" *Quispe-Ardiles v. Noem*, No. 1:25-cv-01382-MSN-WEF, 2025 WL 2783800, at *5 (E.D. Va. Sept. 30, 2025) (quoting *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018)), and establishes a discretionary framework for the detention of noncitizens pending removal proceedings, *see* 8 U.S.C. § 1226(a)(1)–(2). Recently, the Tenth Circuit held that "noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A)." *Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1237 (10th Cir. 2026). Petitioner was detained while he was in the interior of the United States, *see* [Doc. 1 at 5], so his detention is governed by § 1226(a), *Santillan Quiroz*, 180 F.4th at 1237.

Pursuant to *Santillan Quiroz*, Petitioner's detention without a bond hearing violates § 1226(a). *See Santillan Quiroz*, 180 F.4th at 1237; *Loa Caballero v. Baltazar*, No. 25-cv-03120-NYW, 2025 WL 2977650, at *8 (D. Colo. Oct. 22, 2025). And the Court "concurs with the numerous other district courts that have held that denying a bond hearing to a noncitizen detained under § 1226(a) violates the noncitizen's due process rights." *Onate-Brinez v. Baltazar*, No. 26-cv-02768-NYW, 2026 WL 2085090, at *3 (D.

Colo. July 20, 2026).

Accordingly, the Court **GRANTS** the Petition as to Petitioner's claim that he is being improperly detained without a bond hearing.

## II. Appropriate Remedy

Mr. Lopez Dionicio requests immediate release under reasonable conditions of supervision. [Doc. 1 at 6]. Respondent "submits that if the Court does grant the Petition, the appropriate relief would be an Order directing that Respondent, within seven days of this Court's Order, provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a), or else release Petitioner." [Doc. 9 at 1–2 (citing *Santillan Quiroz*, 180 F.4th at 1251 n.13)]. The Court respectfully agrees with Respondent.

As this Court has explained, Section 1226(a) "does not require release—it provides DHS the discretion to grant an alien release on bond." *Martinez Escobar v. Baltazar*, No. 26-cv-00296-NYW, 2026 WL 503313, at *5 (D. Colo. Feb. 24, 2026) (quoting *Nava Hernandez v. Baltazar*, No. 25-cv-03094-CNS, 2025 WL 2996643, at *8 (D. Colo. Oct. 24, 2025)). This Court has accordingly concluded that a constitutionally adequate bond hearing is an appropriate habeas remedy for noncitizens who have not yet received such a hearing under § 1226(a). *See Wang v. Baltazar*, No. 26-cv-04166-NYW, 2026 WL 2905324, at *4 (D. Colo. Sept. 28, 2026).

Following the weight of authority in this District, the Court has required the Government to bear the burden of proof at a § 1226(a) bond hearing. *See Diaz Lopez v. Noem*, No. 25-cv-04089-NYW, 2026 WL 206220, at *5 (D. Colo. Jan. 27, 2026); *Martinez Escobar*, 2026 WL 503313, at *5; *see also, e.g.*, *Garcia Abanil v. Baltazar*, 817 F. Supp. 3d 1148, 1159 (D. Colo. 2026) ("[T]he weight of authority in this District is clear: it is the

Government's burden to justify a noncitizen's continued detention at a bond hearing." (cleaned up) (collecting cases)). The Court also concurs with the decisions concluding that "the clear and convincing standard that generally applies to civil detention where liberty is at stake is appropriate here as well." *Arredondo v. Baltazar*, No. 25-cv-03040-RBJ, 2025 WL 4083607, at *4 (D. Colo. Oct. 31, 2025) (quotation omitted); *see also Martinez Escobar*, 2026 WL 503313, at *5 (collecting cases).

Accordingly, Respondent is **ORDERED** to provide Mr. Lopez Dionicio a bond hearing no later than **October 22, 2026**. At the bond hearing, the Government shall bear the burden of justifying Mr. Lopez Dionicio's detention by clear and convincing evidence. If Respondent does not provide Mr. Lopez Dionicio with a bond hearing under 8 U.S.C. § 1226(a) as required herein, Mr. Lopez Dionicio must be immediately released from detention. On or before **October 29, 2026**, Respondent shall file a status report concerning (1) the results of any bond hearing that was conducted or, if no hearing was held, advise the Court of the date Mr. Lopez Dionicio was released from custody; and (2) whether any additional proceedings in this matter are required.

**CONCLUSION**

For the reasons set forth above, **IT IS ORDERED** that:

(1) The Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. 1] is **GRANTED in part**;

(2) Respondent shall provide Mr. Lopez Dionicio a bond hearing no later than **October 22, 2026**. At the bond hearing, the Government shall bear the burden of proving, by clear and convincing evidence, that Mr. Lopez Dionicio's continued detention is justified. If Respondent does not provide

Mr. Lopez Dionicio with a bond hearing under 8 U.S.C. § 1226(a) as required herein, Mr. Lopez Dionicio must be immediately released from detention;

(3) On or before **October 29, 2026**, Respondent shall file a status report concerning (1) the results of any bond hearing that was conducted or, if no hearing was held, advise the Court of the date Mr. Lopez Dionicio was released from custody; and (2) whether any additional proceedings in this matter are required; and

(4) A copy of this Order shall be sent to Petitioner at his address of record.

DATED: October 14, 2026

BY THE COURT:

Nina Y. Wang
United States District Judge